**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re:<br>DIAMONDHEAD CASINO CORPORATION,<br>Alleged Debtor. | Chapter 7<br>Case No. 15-11647 (LSS)<br><br>**Ref. No. 93.** |
|---|---|

**PETITIONING CREDITORS' OPPOSITION TO DIAMONDHEAD CASINO CORPORATION'S MOTION FOR AN AWARD OF FEES AND EXPENSES, AND PUNITIVE DAMAGES**

Petitioning Creditors hereby oppose Diamondhead Casino Corporation's (the "Company) motion for an award of fees and expenses incurred in this action, and an award of punitive damages (the "Motion"). In support thereof, Petitioning Creditors state as follows:

**I. The Court Should Not Award The Company Its Costs And Attorneys' Fees**

1. As noted in the Court's June 7, 2016 Opinion dismissing the involuntary petition (the "Opinion), Section 303(i) vests this Court with discretion to award attorneys' fees, "which discretion would be judiciously administered." *See* Op. at 45 n.172; see also 11 U.S.C. § 303(i) ("If the court dismisses a petition under this section other than on consent of all petitioners and the debtor … the court *may* grant judgment" for fees and expenses and punitive damages) (emphasis added). The Petitioning Creditors submit that a judicious administration of the Court's discretion in this case weighs in favor of denying the Motion.

2. On October 16, 2015, the Third Circuit issued its decision in *In re: Forever Green Athletic Fields, Inc.*, 804 F.3d 328 (3d Cir. 2015), which was issued after the commencement of this case (on the first day of the interim trustee evidentiary hearing). Prior to *Forever Green*, the bad faith filing doctrine typically was invoked when a single creditor filed an involuntary petition with an eye toward later seeking additional joining creditors after the would-be debtor files a list of creditors with the court as required by Bankruptcy Rule 1003(b). *See In re Dino's*,

*Inc.*, 183 B.R. 779, 783 (Bankr. M.D. Fla. 2012) ("The ability to force a debtor into bankruptcy in the hands of a single creditor is a very dangerous weapon"); *Basin Elec. Power Coop. v. Midwest Processing Co.*, 769 F.2d 483, 486 (8th Cir. 1985) ("While an involuntary petition may be cured after filing when a single creditor filed in good faith believing the debtor has fewer than twelve creditors, a single creditor may not file an involuntary petition knowing the debtor has twelve or more creditors"); *In re Atlas Mach. & Iron Works*, 190 B.R. 796, 802 (Bankr. E.D. Va. 1995) ("[T]his Court adopted the rule that a single creditor who filed an involuntary petition with knowledge that a debtor has twelve or more creditors acts in bad faith").

3. Although the Court dismissed the involuntary petition in this because it found that the primary purpose for its filing was to effect a change in management and the secondary purpose was to collect a debt, the Court also (i) found that the Petitioning Creditors met the statutory criteria for an involuntary petition, (ii) found that several of the *Forever Green* factors weighed in favor of the Petitioning Creditors[1], (iii) expressed its understanding and appreciation for "the Petitioning Creditors' frustration with the lack of progress over the last fifteen years with respect to the development of the Property[,]" (iv) noted that the Company may not be successful in paying off the Petitioning Creditors' notes and "cannot rule out the possibility of a voluntary bankruptcy" in the Company's future, and (v) noted that this case presented a unique situation where the Petitioning Creditors also are stockholders. *See* Op. at 35, 43, 45. Importantly, the Court held that there is no *bona fide* dispute that five of the Petitioning Creditors are owed in

[1] Five of the *Forever Green* factors weighed in favor of the Petitioning Creditors: (i) the statutory criteria was satisfied, (ii) the petition was meritorious; (iii) the filing was not motivated by ill-will; (iv) the filing was not used to obtain a tactical advantage in pending litigation; and (v) the filing was not an attempt to obtain a disproportionate advantage over other creditors. *See* Op. at 35-45.

excess of $237,500 in principal plus interest by the Company. *See* Op. at 11, 19-27.

4. Based upon the Court's analysis and the concluding comments in the Opinion, the decision to dismiss the involuntary petition appeared to be a close call, which does not support an award of attorneys' fees and costs. In an attempt to escape this fact, the Company argues that when an involuntary petition is dismissed, a petitioning creditor must rebut a presumption that costs and attorneys' fees will be awarded to the alleged debtor. *See* Mot. at ¶ 1 (citing *In re TPG Troy, LLC*, 793 F.3d 228, 235 (2nd Cir. 2015) and *In re Southern California Sunbelt Developers, Inc.*, 608 F.3d 456, 462 (9th Cir. 2010)). There is no presumption in this Circuit or District. *See Shinko v. Miele*, 29 Fed. Appx. 890 (3d Cir. 2002) (affirming award of fees and punitive damages because "the Bankruptcy Court properly exercised its *discretion* to impose reasonable attorney's fees and costs under 11 U.S.C. § 303(i)(1) and punitive damages under 11 U.S.C. § 303(i)(2)" where involuntary "petitions *did not satisfy the statutory requirements and* were filed in bad faith[,]" and where Bankruptcy Court deemed the petitions to be *frivolous*[2]); *see also In re Skyworks Ventures, Inc.*, 431 B.R. 573, 578-9 (Bankr. D. N.J. 2010) (holding that the imposition of costs and fees is discretionary, and awarding such where a petition was filed by a single creditor despite a bona fide dispute, and efforts to determine if the alleged debtor had more than twelve creditors were perfunctory).

5. Even if there was a presumption for an award of fees, the facts and circumstances, of this case, as set forth herein, are sufficient to rebut such a presumption.

[2] *See* lower court ruling at *In re Law* Center, 261 B.R. 607, 613 (Bankr. M.D. Pa. 2001).

**II. <u>The Court Should Not Award Punitive Damages</u>**

6. This Court should not award punitive damages in this case because there is no reason to punish the Petitioning Creditors for filing the involuntary petition, and deterrence is not required because this is a case of first impression with unique facts. "Punitive damages under section 303(i)(2)(B) are determined the same way punitive damages generally are: the amount must be sufficient to serve the objectives of deterrence and punishment." *In re: Michael H. Meltzer*, 535 B.R. 803, 815 (Bankr. N.D. Ill. 2015) (citing *Hendrickson v. Cooper*, 589 F.3d 887, 894 (7th Cir.2009); *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 464 (7th Cir.2006)). "In determining what will serve those objectives, courts traditionally consider the nature, extent, and enormity of the wrong to the debtor; the intent of the creditors; and any surrounding aggravating or mitigating circumstances." *In re: Meltzer*, 535 B.R. at 815 (citing *In re John Richards Homes Bldg. Co., L.L.C.*, 291 B.R. 727, 737 (Bankr. E.D. Mich.2003), *aff''d*, 439 F.3d 248 (6th Cir.2005); *In re Mundo Custom Homes, Inc.*, 179 B.R. 566, 571 (Bankr. N.D. Ill. 1995)).

7. Moreover, the Court should not award punitive damages because the Company has failed to demonstrate that Petitioning Creditors' conduct was malicious or egregious. *See In re Law* Center, 261 B.R. 607, 613 (Bankr. M.D. Pa. 2001), *aff'd sub nom., Shinko v. Miele*, 29 Fed. Appx. 890 (3d Cir. 2002) (awarding $1,000 as punitive damages under both Rule 9011 and § 303(i) due to a malicious and vengeful filing of an involuntary petition)*; Rosenberg v. DVI Receivables, XIV, LLC,* U.S. Dist. Ct., S.D. Fla., Case No. 12-22275-CIV-SEITZ (Doc. No. 272), at pg. 12, attached hereto as Exhibit A (reversing award of punitive damages where record was "bereft of any maliciousness, intentional deception, or egregious conduct essential for the imposition of punitive damages) (citing *In re Schloss*, 262 B.R. 111, 116-17 (Bankr. M.D. Fla.

2000) (while an improper motive, i.e., purpose, justifies a finding in bad faith, "unless there is a showing that it was done with malice, [a] punitive damages award is not appropriate"); *In re K.P. Enter.*, 135 B.R. 174, 184 (Bankr. D. Me. 1992) (declining to award punitive damages where creditor's "conduct, although misguided and recalcitrant, was not malicious or vengeful[,]" and so "the policy at work in § 303(i) would [not] be advanced by awarding punitive damages")), *rev'd on other grounds*. Indeed, this Court already has held that there was no ill will attributed to the Petitioning Creditors.[3]

8. Despite the Court's finding that the Petitioning Creditors did not act with ill will or malice, the Company attempts to justify an award of punitive damages by relying on the following statements that are unsupported by the record:

- The Petitioning Creditors knew that by filing this action that they would be subjecting the Company to "substantial legal costs and expenses which it could not afford";
- The Company's one employee "would be required to spend countless hours and its limited resources defending the Company and responding to litigation requests";
- The Company has made "enormous progress in the previous year and was moving forward";
- Petitioning Creditors are experienced business people;
- The Company had no hope of effecting a joint venture with the threat of bankruptcy looming; and
- Petitioning Creditors knew what the impact of the bankruptcy would be on the Company.

---

[3] Petitioning Creditors' preserve any entitlement to a jury trial on the issue of punitive damages they may have as a matter of law. Should the Court decide that no punitive damages should be awarded, however, the right to a jury would not be implicated.

9. The Company does not cite to any evidence in support of the foregoing allegations, because there is no supporting evidence in the record. In fact, some of these allegations are contradicted by the evidence. For example, at his deposition in this case, Mr. Harrison testified that there were at least four deals on the table in spite of the bankruptcy petition. Harrison Dep. at 101-102; *see also* Vitale Dep. at 274-278. Another director, Benjamin Harrell, testified that in early 2016 the Board of Directors of the Company met to vote on a potential capital raise, but the Board rejected it because Ms. Vitale and Mr. Harrison did not want to lose control of the Company. *See* Pet. Creditors' Post-Hearing Brf. at 22 (citing Harrell Dep. 6, 9-12). It is untrue that the Company has made "enormous" progress in the previous year. The Company has made little progress in the last fifteen years, and there has been uncertainty hanging over this Company from at least the time that its stock was deregistered in September 2014, not based on the bankruptcy filing.

WHEREFORE, Petitioning Creditors respectfully request that this Honorable Court deny the Motion.

Dated: August 11, 2016
Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Joseph B. Cicero*

William E. Chipman, Jr. (No. 3818)
Joseph B. Cicero (No. 4388)
Mark D. Olivere (No. 4291)
1007 North Orange Street, Suite 1110
Wilmington, Delaware 19801
Telephone: (302) 295-0191
Facsimile: (302) 295-0199
Email: chipman@chipmanbrown.com
cicero@chipmanbrown.com
olivere@chipmanbrown.com

-and-

John H. Genovese
**GENOVESE JOBLOVE & BATTISTA P.A.**
100 Southeast Third Street, 44th Floor
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310
Email: jgenovese@gjb-law.com

*Counsel to Richard Stark, Arnold Sussman, Alan D. Cohen, Robert F. Skaff, Jr., David J. Towner, and DDM Holdings, LLC*